```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ELLA BAKER, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 12-494 (JBS/JS) |
| v. |  |
| UNITED STATES OF AMERICA, et al., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Paul R. Melletz, Esq.
BEGELMAN ORLOW & MELLETZ
411 Route 70 East, Suite 245
Cherry Hill, NJ 08034
    Attorney for Plaintiffs Ella Baker, Benjamin Frye, Tattyana
    Baker and Rayion Baker

Paul J. Fishman, United States Attorney
By: Paul A. Blaine, Assistant United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101
    Attorney for United States of America

**SIMANDLE**, Chief Judge:

**I.  INTRODUCTION**

    This matter is before the Court on Defendant United States of America's motion to dismiss Plaintiff's Amended Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [Docket Item 14.]  The Plaintiff filed timely opposition. [Docket Item 19.]  For the reasons discussed below, the court will grant the Defendant's motion in its entirety and all claims

against the United States will be dismissed.

## II. BACKGROUND

Plaintiffs Ella Baker, individually and as guardian ad litem for Rayion Baker, and Benjamin Frye filed the instant action against the United States Marshal Service and the United States Department of Justice on January 26, 2012. [Docket Item 1.] The Plaintiffs brought tort claims, civil rights claims and constitutional claims against the United States Marshal Service and the United States Department of Justice.

In lieu of answering the complaint, these federal agencies filed a motion to dismiss [Docket Item 8] arguing that they were improper parties and instead, the United States of America was the only proper defendant.

The Plaintiffs elected to file an amended complaint [Docket Item 10] which eliminated the United States Marshal Service and the United States Department of Justice as parties, effectively mooting the motion to dismiss [Docket Item 17]. The Amended Complaint named the United States of America, the City of Camden, Chief of Police John Scott Thompson and John Does as Defendants. The Amended Complaint brought four separate claims against the United States, specifically: negligence (Count VI), "Civil Rights and § 1983 Claims" (Count VII), "§ 1985 Conspiracy Claims" (Count VIII), and a Federal Tort Claims Act ("FTCA") count (Count IX). [Docket Item 10.]

The United States then filed the instant motion to dismiss all Plaintiffs' claims against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) in lieu of filing an answer.  The United States argues that the Plaintiffs' tort claims are barred by the Plaintiffs' failure to timely provide a sum certain for their respective administrative claims.[1]  Next, the United States contends that Tattyana Baker's newly added tort claims must be dismissed because they are barred by the six-month provision in 28 U.S.C. § 2401(b).  Finally, the United States maintains that the Plaintiff's civil rights claims

---

[1] Specifically, the United States maintains that the initial FTCA administrative claims were presented to the United States Marshal Service ("USMS") on March 2, 2011 and did not include a sum certain figure.  The next day, on March 3, 2011, the Plaintiffs were advised by the USMS that their claims were defective because no sum certain in damages had been provided for any of them.  More than six months later, on September 22, 2011, after no response from the Plaintiffs to amend their defective claims was received, the USMS issued its final denial for each of their claims stating again that they were required to submit a sum certain in damages and had not done so.  [Docket Item 8-1, Decl. of Gerald M. Auerbach ¶¶ 1-5.]  The Plaintiffs then filed supplemental administrative claims with the USMS which contained sums certain on November 12, 2012, more than a year after the final denial.  [Docket Item 11-2, Pl.'s Ex. B.]
   The court notes that the information regarding the filing of Plaintiffs' administrative claims is supplied from a declaration produced by the Defendants and an exhibit to an opposition brief which are outside the four corners of the complaint.  As will be discussed <u>infra</u>, the Plaintiffs have failed to allege anywhere in their amended complaint that they complied with the notice requirements of the FTCA.  Since compliance with the FTCA is jurisdictional prerequisite to suit, the tort claims contained in the complaint must be dismissed because the Plaintiffs fail to establish the court's subject matter jurisdiction over these claims on the face of their amended complaint.

brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 must be dismissed because the United States is not a "person" within the meaning of these statutes.  [Docket Item 13.]

The Plaintiffs filed opposition and argue that their claims under the Federal Tort Claims Act are not barred by the statute of limitations.  The Plaintiffs maintain that they filed amended tort claim notices within two years of the incident and therefore their claims should be considered timely under 28 U.S.C. § 2401(b).  The Plaintiffs further argue that Tattyana Baker should not be dismissed from this action because although she was not a named plaintiff in the original complaint, she was clearly contemplated as a party thereto and equity should allow her to proceed as a plaintiff.  The Plaintiffs did not oppose the dismissal of their civil rights claims against the United States and conceded that the United States is not a "person" within the meaning of 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  [Docket Item 19.]

The United States, in reply, reiterated its arguments that the six-month limitations period prescribed by 28 U.S.C. § 2401(b), not the two year statute of limitations, applies to Plaintiff's tort claims since the administrative claims were finally denied by the federal agency and then later amended by the Plaintiffs more than a year after the final denial.  The United States further argues that Tattyana Baker has failed to

4

establish any grounds for equitable tolling and her claims in the Amended Complaint were filed well outside the statute of limitations prescribed by § 2401(b).  Alternatively, the United States argues that dismissal is still warranted even if the court decides the tort claims are timely because the agency has not been given an opportunity to review the amended administrative claims with the required sum certain.  [Docket Item 20.]

### III. DISCUSSION

#### A. Standard of Review

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) which is filed prior to answering the complaint is considered a "facial challenge" to the court's subject matter jurisdiction.  Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d. Cir. 1983).  This is distinct from a factual attack on the court's subject matter jurisdiction which can only occur after the answer has been served.  Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In deciding a Rule 12(b)(1) motion to dismiss which is filed prior to an answer, the court must "review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."  Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994).

**B.  Plaintiff's Tort Claims Against the United States**

First, the court notes that the present motion under Rule 12(b)(1) was filed prior to any answer by the United States and is therefore a facial challenge to jurisdiction.  Therefore, the court is bound to review only the allegations present in the pleadings and cannot consider facts outside the complaint.

It is well established that the United States has sovereign immunity except where it consents to be sued.  <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).  Such consent to suit "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." <u>Adeleke v. United States</u>, 355 F.3d 144, 150 (2d Cir. 2004)(citing <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 33 (1992)).  Moreover, any waiver of sovereign immunity will be strictly construed in favor of the sovereign.  <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996).  In the absence of such a waiver of immunity, one cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, <u>see</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-87 (1994), or against any individual federal officers in their official capacities, <u>see</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

The Federal Tort Claims Act is a partial waiver of the sovereign immunity of the United States and it gives a district

court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz, 374 U.S. 150 (1963).

The FTCA requires the commission of a tort to impose liability. Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 969 (4th Cir. 1992) ("While the FTCA waives sovereign immunity for actions alleging torts by employees of the Government, it does not create novel causes of action. Thus, the mere allegation of a breach of duty under Federal law does not, by itself, state a valid tort claim against the Government.").

More specifically, federal constitutional violations are not cognizable under the FTCA; state law provides the source of substantive liability under the FTCA. See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994); Webb v. Desan, 250 Fed. Appx. 468, 2007 WL 2962604 (3d Cir., Oct. 11, 2007).

In addition to satisfying these six statutory elements, supra, a plaintiff's claim under the FTCA must comply with the

7

applicable statute of limitations.  The FTCA provides in relevant part as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). "The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to suit under the FTCA." Deutsch, 67 F.3d at 1091.

> As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). Although the Federal Tort Claims Act allows suits against the Government for torts committed by its employees while in the scope of their employment, it specifically requires an  initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. This requirement is jurisdictional and cannot be waived.

Bialowas v. United States, 443 F.2d 1047, 1048-49 (3d Cir. 1971); accord, Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003), cert. denied, 543 U.S. 874, 125 S. Ct. 87, 160 L. Ed. 2d 123 (2004).

In this case, the Plaintiffs' amended complaint fails to allege that the Plaintiffs presented their tort claims to the appropriate federal agency in writing or that the Plaintiffs requested a sum certain.  These requirements are jurisdictional

8

prerequisites which are wholly absent from Plaintiffs' amended complaint.  Consequently, this court presently lacks jurisdiction to hear Plaintiffs' tort claims because the Plaintiffs' amended complaint fails to establish on its face that this court has subject matter jurisdiction.[2]  Plaintiffs will be given an opportunity to cure these deficiencies by filing a second amended complaint, as it is not clear that such an amendment would be futile.

Therefore, the Defendants' motion to dismiss Plaintiffs' tort claims in Counts VI and IX will be granted without prejudice.[3]

---

[2] The United States included exhibits to its motion to dismiss regarding the timeliness of Plaintiffs' administrative claims which cannot be considered by the court on this facial challenge to the court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The Plaintiffs have provided no exhibits to the current briefing and do not address their failure to allege the jurisdictional prerequisites to a cognizable FTCA claim in their complaint.  Instead, the Plaintiffs appear to be relying on exhibits attached to their opposition to a previous motion to dismiss.  The court will not consider these exhibits for several reasons.  First and foremost, these exhibits are irrelevant to the instant facial challenge to the court's subject matter jurisdiction because the court is limited to the allegations present in the complaint.  In addition, these exhibits were not included in the instant motion papers nor were they expressly incorporated by reference in the Plaintiffs' opposition brief.

[3] Since the court has dismissed Plaintiffs' tort claims for lack of jurisdiction, the court need not address whether Tattyana Baker's tort claims are barred by the statute of limitations prescribed in 28 U.S.C. § 2401(b).  The second amended complaint, above, may also attempt to specify the jurisdictional allegations that are presently missing as to her FTCA action.

### C. Plaintiffs' 42 U.S.C. §§ 1983 and 1985 Claims

The Plaintiffs do not oppose the dismissal of their 42 U.S.C. §§ 1983 and 1985 claims against the United States. It is well established that the United States is not a "person" under these statutory provisions and therefore cannot be sued under 42 U.S.C. § 1983 and or 42 U.S.C. § 1985. See Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir. 1970); Proffit v. United States, 605 F. Supp. 2d 608, 612 (E.D. Va. 1990); Flesch v. Eastern Pennsylvania Psychiatric Institute, 434 F. Supp. 963, 975 (E.D. Pa. 1977).

Accordingly, Counts VII and VIII alleging violations of 42 U.S.C. §§ 1983 and 1985 against the United States will be dismissed.

## IV. CONCLUSION

For the reasons discussed herein, the United States' motion to dismiss Plaintiffs' amended complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) will be granted and all claims against the United States will be dismissed with prejudice as to 42 U.S.C. §§ 1983 and 1985 and without prejudice as to the FTCA claims, pending one final opportunity for Plaintiffs to cure the FTCA jurisdictional infirmities in a second amended complaint against the United States, to be filed within thirty (30) days. The accompanying Order will be entered.

**January 17, 2013**                         s/ Jerome B. Simandle
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge