IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLA BAKER, individually and as guardian ad litem for RAYION BAKER and TATTYANA BAKER, and BENJAMIN FRYE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; JOHN DOES I-II; CITY OF CAMDEN; JOHN DOES III-X; CHIEF OF POLICE JOHN SCOTT THOMPSON,<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 12-494 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Paul R. Melletz, Esq.
BEGELMAN ORLOW & MELLETZ
411 Route 70 East, Suite 245
Cherry Hill, NJ 08034
    Attorney for Plaintiffs Ella Baker, Benjamin Frye, Tattyana
    Baker and Rayion Baker

Paul J. Fishman, United States Attorney
By: Paul A. Blaine, Assistant United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101
    Attorney for United States of America

**SIMANDLE**, Chief Judge:

I.  **INTRODUCTION**

     This matter is before the Court on Defendant United States

of America's motion to dismiss Plaintiffs' Second Amended

Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). [Docket Item 24]. Plaintiffs filed timely opposition. [Docket Item 30]. The principal issue to be addressed is whether, under the Federal Tort Claims Act's provisions at 28 U.S.C. §§ 2675(a)&(b) & 2401(b), this Court has jurisdiction over a claim against the United States where the Plaintiffs failed to present an administrative tort claim for money damages in a sum certain, the federal agency notified Plaintiffs' counsel of the defect, counsel took no corrective action, the agency denied the claim, and counsel initiated this suit, all before sending "amended" administrative claims with a sum certain to the agency. For the reasons discussed below, the Court will grant Defendant's motion and dismiss all claims against the United States with prejudice.

## II. BACKGROUND

### A. Procedural History

The present Plaintiffs are Ella Baker, individually and as guardian ad litem for Rayion Baker and Tattyana Baker, and Benjamin Frye, residing in Camden, New Jersey (hereinafter "Plaintiffs"). In their Second Amended Complaint, Plaintiffs allege that on November 24, 2010, two members of the United States Marshals Service ("USMS") entered the home of the Plaintiffs with guns drawn and ordered Plaintiff Ella Baker out of her home. (2d Am. Compl. ¶ 19.) After this, the Marshals

allegedly placed a gun to the heads of minor Plaintiffs Rayion Baker and Tattyana Baker, threatened to kill ten year old Rayion Baker if he moved during the search of the home, and handcuffed Plaintiff Benjamin Frye. (Id. ¶¶ 20-22.) After searching the house, one of the Marshals allegedly questioned all Plaintiffs for over two hours about the location of a fugitive. (Id. ¶ 23.)

On March 2, 2011, the USMS received four Federal Tort Claims Act ("FTCA") claims filed on behalf of the Plaintiffs. [Docket Item 21, Opinion at 3 n.1]. On March 3, 2011, the USMS informed Plaintiffs' counsel by email that the four claims filed on behalf of Plaintiffs were insufficient, and that a sum certain for the amount of money damages being sought by each claimant would need to be submitted to perfect the claims. [Docket Item 30, Ex. A]. Plaintiffs' counsel made no response. After expiration of six months, on September 22, 2011, the USMS sent Plaintiffs' counsel a letter notifying them that their failure to perfect the four claims had resulted in the issuance of a final denial of each Plaintiff's FTCA claims. [Id.].

Plaintiffs' counsel did not seek reconsideration. Instead, on January 26, 2012, counsel filed a complaint in this Court naming only three Plaintiffs: Ella Baker, Ella Baker as guardian ad litem for Rayion Baker, and Benjamin Frye [Docket Item 1], and naming as Defendants the United States Marshal [sic] Service, the United States Department of Justice, and John Does

3

I-II who were unidentified Deputy U.S. Marshals. (Complaint ¶¶ 1-7). Plaintiffs filed their First Amended Complaint on November 6, 2012 and added both Tattyana Baker as a named Plaintiff as well as the United States of America as a Defendant. [Docket Item 10].

Thereafter, on November 12, 2012, Plaintiffs also filed "amended" FTCA claims with the USMS on behalf of each of the four Plaintiffs. [Docket Item 30, Ex. C]. The "amended" claims included a sum certain demand. [Id.]. On November 20, 2012, the USMS informed Plaintiffs' Counsel that no further administrative action could be taken since Plaintiffs exercised their right to file suit in this Court. [Docket Item 25]. Accordingly, the USMS returned Plaintiffs' "amended" FTCA claims without action. [Id.].

On January 17, 2013, this Court issued an opinion and order on Defendant United States of America's first motion to dismiss for lack of jurisdiction. [Docket Items 21-22]. The deficiencies noted by the Court in Plaintiffs' FTCA claims were that the First Amended Complaint failed to allege that Plaintiffs presented their tort claims to the appropriate federal agency in writing and that Plaintiffs failed to request damages in their administrative tort claims in a sum certain.[1]

---

[1] This Court thus held that the inclusion of a sum certain in the administrative tort claim is one of the jurisdictional

4

These deficiencies required the Court to dismiss the pleadings as facially insufficient to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Accordingly, all claims against the United States of America arising under the FTCA were dismissed without prejudice, with leave for Plaintiffs to amend to correct the deficiencies in their pleadings within 30 days. All other claims against the United States of America were dismissed with prejudice.[2] [Docket Items 21-22].

Plaintiffs timely filed a Second Amended Complaint [Docket Item 23] that included allegations that Plaintiffs presented "Amended Tort Claims" to the USMS and provided the same with a sum certain. The Second Amended Complaint named the United States of America as one of the Defendants. The Second Amended Complaint brought four separate claims against the United States, specifically: negligence (Count VI), "Civil Rights and § 1983 Claims" (Count VII), "§ 1985 Conspiracy Claims" (Count VIII), and FTCA claims (Count IX).[3] [Docket Item 23].

---

prerequisites to suit under the FTCA. (Opinion of January 17, 2013 at 8, citing Deutsch v. United States, 67 F.3d at 1080, 1091 (3d Cir. 1995)).

[2] The remaining counts against the United States were claims arising under 42 U.S.C. §§ 1983 & 1985. The claims were dismissed with prejudice because the United States is not a "person" for the purposes of those statutes.

[3] The Court notes that Count VII and Count VIII are identical to the claims of the same designation alleged in the Plaintiffs' First Amended Complaint. Those claims were dismissed with

In lieu of filing an answer, the United States filed the instant motion to dismiss Plaintiffs' FTCA claims against it in the Second Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and 12(b)(1).

**B. Parties' Arguments**

The United States argues essentially the same issues that it argued in support of its first motion to dismiss for lack of subject matter jurisdiction: (1) that the Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims because Plaintiffs never provided the USMS with a sum certain prior to final denial of their claims, and (2) that Plaintiff Tattyana Baker's tort claims against the United States should be dismissed because they are barred by the six month provision in 28 U.S.C. § 2401(b). [Docket Item 24].

In opposition, Plaintiffs argue that the instant motion should be treated as a facial challenge to Plaintiffs' allegations because it was filed prior to an answer being served by the moving Defendant. Plaintiffs also argue that the Court does have subject matter jurisdiction over the claims because the deficiencies noted in the Court's Opinion [Docket Item 21]

---

prejudice by this Court by the Opinion and Order of January 17, 2013, citing the well-established principle that the United States is not a "person" under 42 U.S.C. §§ 1983 & 1985.[Docket Items 21-22]. Accordingly, Counts VII and VIII of the Second Amended Complaint will be dismissed with prejudice here without further analysis.

6

have been cured by the Second Amended Complaint. Finally, Plaintiffs maintain that Tattyana Baker's claims should not be dismissed from the action because she is a minor and the Court can fashion an equitable exception to the six month time limit of 28 U.S.C. § 2401(b). [Docket Item 30].

In reply, the United States contends that the proper analysis for subject matter jurisdiction is factual rather than facial, and that Plaintiffs have failed to cure the deficiencies in a manner that would satisfy a factual analysis. Additionally, the United States reiterates that Tattyana Baker's claims are barred by the six month limitations period of 28 U.S.C. § 2401(b), since she was not made a party to this suit until more than six months had lapsed after the USMS's denial of her FTCA claim. [Docket Item 31].

**III. DISCUSSION**

    **A. Standard of Review — Facial vs. Factual Challenges to Subject Matter Jurisdiction**

Generally, a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) that is filed prior to answering the complaint is considered a "facial challenge" to the district court's subject matter jurisdiction. Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983). In deciding a Rule 12(b)(1) motion to dismiss which is filed prior to an answer, the court must "review only

7

whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994). This is distinct from a factual attack on the court's subject matter jurisdiction, which can only occur after the answer has been served. Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

However, the Third Circuit has established a practice of considering facially sufficient FTCA pleadings on a factual basis, even if no answer has been served, for the purposes of a 12(b)(1) motion. This is because "District Court jurisdiction -- if it exists -- would *not* come from the general grant of federal-question jurisdiction of 28 U.S.C. § 1331. Instead, the FTCA itself is the source of federal courts' jurisdiction to hear tort claims made against the Government that meet various criteria." CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008) (emphasis in the original). District courts, therefore, must ensure that Plaintiffs' allegations meet those criteria outlined in the FTCA to invoke the jurisdiction of the court.

In a factual analysis, the jurisdictional elements of FTCA claims are closely aligned with the merits of the case, and caution must be taken by the court not to reach the merits when deciding a Rule 12(b)(1) motion. CNA, 535 F.3d at 144. Since Rule 12(b)(1) motions do not provide plaintiffs with the

8

procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations, when faced with a jurisdictional issue that is intertwined with the merits of a claim, district courts must demand "less in the way of jurisdictional proof than would be appropriate at a trial stage." Id. (quoting Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (internal quotations omitted)).

The court may weigh the evidence presented by both parties, including that which is outside the pleadings, but the plaintiff bears the burden of persuasion to establish the court's jurisdiction. Gould, 220 F.3d at 178. However, "[i]f the defendant raises no challenge to the facts alleged in the pleadings, the court may rule on the motion by accepting the allegations as true." Id. at 177. The court may dismiss the claim if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Id. at 178 (internal quotations omitted).

In this case, the Court analyzed Defendant's first motion to dismiss as a facial challenge because Plaintiffs' First Amended Complaint failed to contain any allegations with regard to notice. In particular, Plaintiffs did not allege that they presented their tort claims to the appropriate federal agency in writing and that they requested a sum certain. Under the FTCA,

the timely submission of an administrative tort claim for damages in a sum certain is a jurisdictional prerequisite to the filing of suit and therefore must be pled as a jurisdictional allegation, as explained in this Court's Opinion of January 17, 2013. [Docket Item 21]. Plaintiffs' failure to make those jurisdictional allegations in their First Amended Complaint resulted in a facially deficient pleading, and thus, a lack of subject matter jurisdiction. [Docket Item 21]. It was not necessary for the Court to analyze the merits of a factual challenge to subject matter jurisdiction since the First Amended Complaint was deficient on its face.

However, Plaintiffs' Second Amended Complaint does include allegations that Plaintiffs filed a claim with the USMS (2d Am. Compl. ¶ 5) and requested a sum certain in damages (2d Am. Compl. ¶ 6). Consequently, Plaintiffs' Second Amended Complaint may be facially sufficient to satisfy subject matter jurisdiction.

Therefore, the Court must now address Defendant's factual challenge to the Court's subject matter jurisdiction in accordance with Third Circuit precedent. See CNA, 535 F.3d at 144; White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457-58 (3d Cir. 2010).

**B. Plaintiffs' FTCA Claims Against the United States**

It is well established that the United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). Such consent to suit "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992)). Moreover, any waiver of sovereign immunity will be strictly construed in favor of the sovereign. Fed. Aviation Admin. V. Cooper, 566 U.S. ___, 132 S. Ct. 1441, 1448 (2012); Lane v. Pena, 518 U.S. 187, 192 (1996); White-Squire, 592 F.3d at 456. In the absence of such a waiver of immunity, one cannot proceed in an action for damages against the United States or an agency of the federal government, see FDIC v. Meyer, 510 U.S. 471, 484-86 (1994), or against any individual federal officers in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

The FTCA is a limited waiver of the sovereign immunity of the United States and it gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting

11

within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

In addition to satisfying the six statutory elements, <u>supra</u>, a plaintiff must comply with the additional requirements of 28 U.S.C. § 2675, which provides:

> An action shall not be instituted upon a claim against the United States for money damages...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....
>
> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency....

28 U.S.C. § 2675(a) & (b).

Moreover, a plaintiff's claim under the FTCA must comply with the applicable statute of limitations. The FTCA provides in relevant part that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

12

28 U.S.C. § 2401(b). Section 2401(b) has unanimously been interpreted to require that a claimant must *both* present a claim to the federal agency within two years of the time the cause of action accrues *and* commence suit within six months of the final denial of the claim. Willis v. United States, 719 F.2d 608, 612-13 (2d Cir. 1983); Gordon v. Pugh, 235 Fed. Appx. 51, 53 (3d Cir. 2007) (non-precedential).[4]

Claims against a federal agency may be amended and re-filed, but only if they are made (1) prior to commencement of suit in district court and (2) prior to the issuance of a final decision by the agency. 28 C.F.R. § 14.2(c).[5] If a final denial

---

[4] Although the Third Circuit has not issued a reported decision on this issue, there is much case law across the Circuits, including cases in this district, that support this premise. See, e.g., Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987); Ellison v. United States, 531 F.3d 359, 362-63 (6th Cir. 2008); Dyniewicz v. United States, 742 F.2d 484, 485-86 (9th Cir. 1984); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (en banc) (per curiam) (calling it "common sense"); Seiss v. United States, 792 F. Supp. 2d 729, 731-32 (D.N.J. 2011); Robel v. D'Emilia, 2012 WL 3066579, *2 (D.N.J. July 27, 2012).

[5] 28 C.F.R. § 14.2(c) states:

> A claim... may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a

has been issued by a federal agency, the claimants only have two options: "(1)[they] may file suit in the District Court within six months of the denial pursuant to 28 U.S.C. § 2401(b); or (2) [they] may file a request for reconsideration directly with the agency to which the claim was originally made." Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009); see also, 28 C.F.R. 14.9(b).[6]

Since the requirements that a claimant timely present a claim, do so in writing, and request a sum certain are among the terms defining the United States' consent to be sued, they are jurisdictional prerequisites to suit under the FTCA. White-Squire, 592 F.3d at 457 (finding that a sum certain is a jurisdictional prerequisite to suit under FTCA); Deutsch, 67 F.3d at 1091; see also United States v. Sherwood, 312 U.S. 584, 586 (1941) (explaining that the jurisdiction of a court to entertain a suit against the United States is subject to the terms of the United States' consent to be sued). Because the

---

final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

[6] A request for reconsideration of a federal agency's denial of an administrative tort claim is governed by 28 C.F.R. § 14.9(b), which states: "Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section...."

14

FTCA constitutes a waiver of sovereign immunity and the established procedures have been strictly construed to grant district courts subject matter jurisdiction, the Supreme Court has cautioned that "[courts] should not take it upon [them]selves to extend the waiver beyond that which Congress intended." United States v. Kubrick, 444 U.S. 111, 117-18 (1979).

In this case, the parties do not dispute that Plaintiffs' Second Amended Complaint facially satisfies 28 U.S.C. § 1346(b). The issue before the Court is whether Plaintiffs can demonstrate that they timely presented their FTCA claims and properly included a sum certain.

Although Plaintiffs filed their claims on March 2, 2011 with the USMS within the required two-year claim presentation period, the claims that were submitted lacked a sum certain demand. Despite having been given notice on March 3, 2011 by USMS that there was a need to perfect their claims, and despite having over six months remaining in which to file an amended claim to include a sum certain, Plaintiffs still failed to timely perfect their claims. Therefore, Plaintiffs' FTCA claims to the USMS were insufficient to meet the requirements of 28 U.S.C. § 2675(b).

The Court notes the similarity between Plaintiffs in the instant suit and the plaintiff in White-Squire. There, the

plaintiff filed an FTCA claim against the United States Postal Service that lacked a sum certain. Despite being informed of the deficiency in the claim and being given time to perfect the claim, the plaintiff neglected to correct the deficiency and instead filed suit. The Third Circuit affirmed the district court's dismissal of the claim on the grounds that the missing sum certain was a jurisdictional prerequisite to suit under the FTCA.

Plaintiffs here were also given prompt notice of their deficient FTCA claims, as well as adequate time (more than six months) to make the necessary changes, but neglected to perfect their claims. The USMS thus issued its final decision denying the four administrative tort claims on September 22, 2011. Plaintiffs' counsel elected to file suit on January 26, 2012 based on the deficient administrative tort claims.

Plaintiffs' Second Amended Complaint alleges that the four named Plaintiffs presented "Amended Tort Claims" to the USMS on November 12, 2012 regarding the incidents that gave rise to their allegations. [Docket Item 23, ¶ 5]. These "Amended Tort Claims" included a sum certain. [Id. ¶ 6]. However, the "Amended" claims were filed with the USMS almost 14 months after notice of final denial of their initial claims had been issued by the USMS, and almost 10 months after they had actually commenced suit in this Court invoking the jurisdiction of the

16

FTCA. If Plaintiffs intended to amend their FTCA claims, they would have had to do so before filing suit or being notified of final denial by the USMS on September 22, 2011.

Plaintiffs' argument that the "Amended Tort Claims" were filed within the two year limitations period provided for in the statute is unpersuasive. Plaintiffs had two years from the date of occurrence of the act giving rise to the claim to file the appropriate documents with the USMS. The Plaintiffs initially filed claims with the USMS and these claims did not include a sum certain. Once their filed claim was denied by the USMS, the two year claim presentation period was terminated and they were left with the statutory six month period to file a claim in district court or to seek reconsideration. By electing to file the Complaint, the Plaintiffs regarded the USMS denial of their unperfected claim as final and thus as enabling them to sue in this Court. Upon final denial of their administrative claims, Plaintiffs' only options were (1) file suit in the District Court within six months of the denial, or (2) file a timely request for reconsideration of the final denial directly with the responsible agency within six months. Lightfoot, 564 F.3d at 627. Once Plaintiffs filed suit, the subsequent attempt when the litigation was ten months old to present amended claims in a sum certain was a legal nullity. Roman-Cancel v. United States, 613 F.3d 37, 42 & n.4 (1st Cir. 2010). The language and the logic of

17

the FTCA requires a finding that the Plaintiffs are not permitted to start over after filing suit on administrative claims that were finally denied by filing "amended" claims once the statutory window has closed.

Unfortunately, Plaintiffs had an opportunity to perfect their initial claim but neglected to do so and chose instead to file this civil action. The FTCA does not allow them a second administrative claim process after they have filed suit in response to the final denial of their first claim for the same wrongful act or omission by an officer or employee of the United States. For this Court to imply such an exception to the strict requirements for a waiver of sovereign immunity is not within its power as to these jurisdictional prerequisites.

Therefore, Plaintiffs' operative tort claims notice is insufficient and did not comply with the statutory requirements of the FTCA, and the FTCA does not permit an amended claim process to be launched after the first claim has been finally denied. Consequently, the United States has not waived sovereign immunity and this Court has no subject matter jurisdiction over Plaintiffs' tort claims. Accordingly, the tort claims against the United States alleged in Counts VI and IX of Plaintiffs' Second Amended Complaint will be dismissed with prejudice.

### C. Plaintiff Tattyana Baker's Claims

Although Tattyana Baker's FTCA claims fail to invoke this Court's subject matter jurisdiction for the same reason explained above — that her FTCA claim lacked a sum certain — the Court writes separately to address the additional issues raised in the parties' briefs.

Tattyana Baker's claim was initially presented to the USMS along with the other three Plaintiffs' claims. However, for reasons unknown, she was not included as a Plaintiff in the initial complaint filed in this Court. [Docket Item 1]. She was not joined as a Plaintiff in this suit until November 6, 2011, over 13 months after notice of final denial of her claim was issued by the USMS. Therefore, her tort claim is "forever barred" by the FTCA because she failed to file suit within the prescribed six month window. 28 U.S.C. § 2401(b).

Plaintiffs ask this Court to craft an equitable exception to the FTCA that would allow Tattyana Baker, a minor, to file suit even though the six month window has closed. However this Court does not have the power to create that equitable exception because it would amount to an expansion of the waiver of sovereign immunity that has been consented to by the United States. The Third Circuit has held that the "FTCA does not include a tolling provision for minors...." Santos v. United States, 559 F.3d 189, 192 (3d Cir. 2009). Other courts are in agreement that there is no equitable exception that can allow

FTCA statutes of limitation to be tolled during a putative plaintiff's minority.[7]

Therefore, Tattyana Baker's FTCA claims against the United States in Counts VI and IX of Plaintiffs' Second Amended Complaint will be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant United States of America's motion to dismiss will be granted. Counts VI, VII, VIII, and IX of Plaintiffs' Second Amended Complaint will be dismissed with prejudice and the United States will be terminated as a defendant in this action.

The accompanying order will be entered.

**July 15, 2013**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge

---

[7] See e.g., McCall v. United States, 310 F.3d 984, 988 (7th Cir. 2002) ("the FTCA's statute of limitations is not tolled during the period of a putative plaintiff's minority"); Robbins v. United States, 624 F.2d 971, 972 (10th Cir. 1980) (it is "well established" that there is no tolling exception for minors).