IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ELLA BAKER, et al.,

                    Plaintiffs,

          v.                                  Civil No. 12-494 (JBS/JS)

UNITED STATES MARSHAL SERVICE,
et al.,

                    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' separate requests for an extension of time to complete discovery [Doc. Nos. 46, 47] which expired on May 30, 2014. Plaintiffs seek a thirty (30) day extension. Defendants seek a ninety (90) day extension. The Court exercises its discretion to decide the parties' applications without oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the parties' applications are DENIED.

Background

Plaintiffs' January 26, 2012 complaint generally alleged that the defendants unlawfully searched their home on November 5 and 24, 2010, purporting to search for a fugitive. Complaint[1]

---

[1] The plaintiffs are Ella Baker, individually and as guardian ad litem for Rayon Baker and Tattyana Baker, and Benjamin Frye. The United States Marshal Service and United States Department of Justice were dismissed on November 28, 2012 [Doc. No. 17]. The United States was dismissed on January 17, 2013

¶¶8-9.   Plaintiffs also allege a gun was put to the head of their ten year old son who was threatened to be killed (id. ¶10). Plaintiffs allege the "raids" on their home were done by members of a "Joint Task Force." None of these individuals were specifically identified in the complaint. Instead, plaintiffs named "John Does I-II." Given plaintiffs' allegations, it was obvious from the outset of the case that it was critical for the parties to identify the names of the Task Force personnel who "raided" plaintiffs' home.   Not only were these individuals relevant witnesses but they were also potential defendants.   As early as the May 1, 2013 Fed. R. Civ. P. 16 Scheduling Conference, the parties discussed this issue and knew they had to identify and sort out the identities of the Task Force personnel and whether they worked for Camden County, the City of Camden, or the U.S. Marshal. The issue was also discussed at phone or in-person conferences held on January 2 and March 24, 2014.

Plaintiffs filed this lawsuit on January 26, 2012, almost 2½ years ago.   As noted, from the outset of the case plaintiffs knew they had to identify the individuals who "raided" their home.   Given the age of the case, plaintiffs and defendants have had more than an adequate opportunity to discover the names and roles of these individuals.   On May 1, 2013, the Court set a

[Doc. No. 22].   Plaintiffs' Second Amended Complaint was filed on February 15, 2013 [Doc. No. 23].

December 31, 2013 fact discovery deadline. [Doc. No. 33]. On January 2, 2014, the deadline was extended to March 31, 2014 [Doc. No. 40]. At plaintiffs' request [Doc. No. 41], on March 31, 2014, the deadline was extended to April 30, 2014. At plaintiffs' request [Doc. No. 44], on April 30, 2014, the deadline was extended to May 30, 2014 [Doc. No. 45].

Despite the age of the case and four different fact discovery deadlines, the parties are now asking for more time to complete discovery. Plaintiffs' counsel writes that to date he has taken three depositions and is now "working to obtain certifications from individuals who were on the Camden City SWAT Team during the relevant time period. Specifically, the Certifications will indicate the following: 1) whether or not the certifying individual was involved in the search of my client's home and 2) the names of any other individuals who may have been involved." May 23, 2014 Letter at 1. Plaintiffs' counsel writes that he is working with the Camden County Police Department and he anticipates obtaining the requested certifications next week. Accordingly, counsel notes, he "should know very shortly which officers were present during the search of [plaintiffs'] home. This will allow my office to target the appropriate individuals who need to be deposed accordingly." Id. at 2. Defense counsel's letters sound a similar tone. He states that one of the officers from whom he obtained a

certification identified twenty other SWAT team members who "may have witnessed the incident." May 27, 2014 Letter at 1. Defense counsel writes that he is "in the process of attempting to find out which officers were witnesses to this event." Id. Neither counsel explained why this investigation could not have been completed months, if not years, earlier.

Discussion

Pursuant to Fed. R. Civ. P. 16(b)(4), a schedule may be modified only upon a showing of "good cause." One way the moving party can establish good cause is to demonstrate that it cannot reasonably meet the court's deadlines despite its diligence. Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986); Spring Creek Holding Co. v. Keith, C.A. 02-cv-376 (JLL), 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006). The "good cause" standard is not a low threshold. J.G. v. C.M., C.A. No. 11-2887 (WJM), 2014 WL 1652793, at *1 (D.N.J. April 23, 2014). The moving party has the burden of demonstrating that despite its diligence it could not reasonably have met the Scheduling Order deadline. Hutchins v. United Parcel Service, Inc., C.A. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005). Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and would severely impair the utility of Scheduling Orders. Koplove, 795 F.2d at 18.  Further, as stated in Dag Enterprises, Inc. v.

4

Exxon Mobil Corp., 226 F.R.D. 95, 104 (D.D.C. 2005)(citations
and quotations omitted):

> A Scheduling Order is intended to serve as the
> unalterable road map (absent good cause) for the
> remainder of the case. A scheduling order is not a
> frivolous piece of paper, idly entered, which can be
> cavalierly disregarded by counsel without peril.
> Indeed, [d]isregard of the order would undermine the
> court's ability to control its docket, disrupt the
> agreed-upon course of litigation, and reward the
> indolent and the cavalier.

Frankly, the Court is at a loss to understand why 2½ years
into the case, and after a year of discovery, the parties still
have not identified all personnel who participated in the
"raids" at plaintiffs' home. As noted in Nestle Foods Corp. v.
Aetna Cas. & Sur. Co., C.A. No. 89-1701 (CSF), 1992 WL 183712,
at *2 (D.N.J. July 20, 1982)(citation and quotation omitted), "a
Magistrate Judge's Scheduling Order is not a frivolous piece of
paper idly entered, which can be cavalierly disregarded by
counsel without peril." Another decision expressing essentially
the same point is GlobespanVirata, Inc. v. Texas Instruments,
Inc., C.A. No. 03-2854 (GEB), 2005 WL 1638136, at *4 (D.N.J.
July 11, 2005)(citation and quotation omitted). There, the Court
reiterated that "scheduling orders are the heart of the Case
Management [and cannot] be flouted."

The Court has no doubt that if the parties exercised
reasonable diligence they would have identified the relevant
Task Force personnel by now and they would have completed

discovery. The officers' identities were a paramount concern from day one in the case and should have been the focus of the parties' investigation and discovery. The three depositions plaintiffs' counsel referred to the past year do not demonstrate reasonable diligence. Plaintiffs could have and should have taken more fact and records depositions to identify the key witnesses in the case.

Plaintiffs and defendants share the blame for their dilatory actions. The Court is dumbfounded that defendants are still trying to find out "which officers were witnesses to this event." This is remarkable since the parties' Fed. R. Civ. P. 26(a) disclosures were Ordered to be served by May 15, 2013. See May 1, 2013 Scheduling Order ¶1. Defendants were required to disclose the names "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Defendants' disclosures plainly should have included the identities of all personnel who participated in the "raids" on plaintiffs' home. Counsel have not and cannot justify why the proposed investigation and discovery they ask to take over the next 30-90 days could not have been done earlier. No good reason has been given for why the individuals the parties now

want to talk to could not have been interviewed or deposed long ago.

Based on past experience in the case, the Court has little confidence that if it granted the parties' latest extension request that discovery would be completed by the new proposed deadline. Even though the parties' original Joint Proposed Discovery Plan asked for a fact deadline of December 1, 2013, the Court set a December 31, 2013 deadline. That deadline was extended at the parties' request to March 31, 2014, April 30, 2014, and then May 30, 2014. Each extension request was accompanied with assurances that discovery would be completed. The parties' present assurances are hardly reassuring. Parties must realize that they have to take the Court's Scheduling Orders seriously. "[S]cheduling Orders … offer a degree of certainty in pretrial proceedings, ensuring that at some point the parties and the pleadings will be fixed and the case will proceed." GlobespanVirata, 2005 WL 1638136, at *4 (citation and quotation omitted).

The Court takes no pleasure in denying the parties' requests for more time to complete discovery. Having been engaged in private practice for many years, the Court is well aware of the pressures and demands litigators face. Nevertheless, the Court is also aware that if parties are reasonably diligent they will meet reasonable scheduling

Case 1:12-cv-00494-JBS-JS   Document 48   Filed 06/05/14   Page 8 of 9 PageID: 361


deadlines or at a minimum only ask for minimal extensions of time to meet unforeseen events. Nothing unforeseen happened in the case. Moreover, unless the Court enforces its scheduling deadlines they will be ignored and will become meaningless. As the Honorable William J. Martini recently noted when he affirmed a Magistrate Judge's decision denying a request for more time, "[d]isregard for a scheduling order undermines the Court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and cavalier." J.G., 2014 WL 1652793, at *1.

Pursuant to Rule 16, a scheduling order may only be extended for good cause. The Court has already discussed why the parties did not act diligently to complete discovery. Good cause may also be satisfied if the moving party shows that the inability to comply with a scheduling order is "due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." Rowe v. E.I. DuPont, C.A. No. 06-1810 (RMB/AMD), 2010 WL 703210, at *3 (D.N.J. Feb. 24, 2010). This did not occur here. The parties knew from day one that the identities of the personnel who entered plaintiffs' home were critical. The parties have had more than an adequate opportunity to learn their identities. The Court agrees with Judge Martini that discovery must have an end point. J.G., 2014

WL 1652793, at *2.  No further extensions of time are warranted or justified.[2]

<u>Conclusion</u>

Accordingly, because the parties have not demonstrated good cause to grant their applications,

IT IS HEREBY ORDERED this 5th day of June, 2014, that the parties' requests to extend the current scheduling deadlines are DENIED.  All current deadlines shall remain in place.[3]

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

[2] Defendants also want to take the deposition of plaintiffs' neighbor, John Alford, who was apparently present during plaintiffs' raid(s).  Alford was identified at plaintiffs' depositions.  May 27, 2014 Letter at 2.  Again, there is no good reason why this deposition was not taken before the last discovery deadline.

[3] The Court notes that the deadline to file dispositive motions is September 2, 2104, and the Final Pretrial Conference ("FPTC") is scheduled on October 14, 2014.  If the parties agree amongst themselves, the Court has no objection if they take additional depositions.  However, the Court will not Order that the current scheduling deadlines be extended.