```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ELLA BAKER, et al.,            Plaintiffs,      v.  UNITED STATES MARSHAL SERVICE, et al.,            Defendants. | HONORABLE JEROME B. SIMANDLE  Civil Action No. 12-494 (JBS/JS)  **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Plaintiffs Ella Baker, Benjamin Frye, Tattyana Baker, Rayion Baker's appeal [Docket Item 62] of Magistrate Judge Joel Schneider's August 21, 2014 Order [Docket Item 58] denying Plaintiffs' motion for leave to file a third amended complaint. The Court will affirm the August 21, 2014 Order because it was neither clearly erroneous nor an abuse of discretion. The Court finds as follows:

1.   This action arises from two allegedly unlawful searches of Plaintiffs' home on November 5 and November 24, 2010. Plaintiffs claim that on November 24, 2010, while searching for an armed fugitive, Anthony Fontanez, members of the United States Marshals Service entered Plaintiffs' house with their guns raised, ordered Ella Baker to leave the house, put guns to the heads of ten year-old Rayion Baker and Tattyana

Baker, threatened to kill Rayion Baker, handcuffed Benjamin Frye, and questioned all Plaintiffs for over two hours.

    2.   Plaintiffs filed their initial complaint on January 26, 2012, naming as defendants the United States Department of Justice and the United States Marshal Service. [Docket Item 1.] Plaintiffs alleged violations of the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 1983, and 42 U.S.C. § 1985, as well as the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On November 6, 2012, Plaintiffs filed an Amended Complaint [Docket Item 10] naming the United States of America, the City of Camden ("the City"), Chief of Police John Scott Thompson, and various John Does as defendants, thereby eliminating the United States Department of Justice and the United States Marshal Service as parties. On January 17, 2013, the Court dismissed all claims against the United States. [Docket Items 21 & 22.] Plaintiffs filed a Second Amended Complaint [Docket Item 23] on February 15, 2013 asserting claims under the FTCA, state tort law, the United States and New Jersey constitutions, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. The Court again dismissed all claims against the United States for lack of subject matter jurisdiction on July 15, 2013. [Docket Items 34 &

35.] As such, the City of Camden and Chief of Police Thompson are the only remaining named defendants.[1]

3. On June 16, 2014, Plaintiffs filed a motion for leave to file a third amended complaint [Docket Item 51], which Defendants opposed [Docket Item 52.] Principally, Plaintiffs' proposed third amended complaint sought to add Lt. Pasqual Gianinni as a defendant in his individual capacity as leader of the Camden Police SWAT team that entered Plaintiffs' house on November 24, 2010. By Order entered August 21, 2014, Judge Schneider denied Plaintiffs' motion. [Docket Item 58.]

4. Judge Schneider found that Rule 16 governed Plaintiffs' motion because it was filed on June 16, 2014 "well after" the September 14, 2013 deadline to move to amend pleadings. Judge Schneider concluded that Plaintiffs failed to show good cause for their untimely filing because they were not reasonably diligent in identifying the individuals who entered Plaintiffs' home and it took two and a half years for Plaintiffs to move to join the leader of the SWAT team. Judge Schneider noted that Gianinni was identified as a relevant witness in the City's April 30, 2013 Rule 26 disclosures and he certified the City's answers to interrogatories on August 8, 2013. Yet, it was

---

[1] The Second Amended Complaint names two groups of John Doe officers. John Does I-II designate unidentified members of the United States Marshals Service. John Does III-X designate unidentified members of the Camden Police Department.

not until almost eight months later, on April 3, 2014 that Plaintiffs deposed Gianinni, and indeed, over two months thereafter, that Plaintiffs sought to join him as a defendant. Judge Schneider found that Plaintiffs would fail even under the more lenient Rule 15 standard because they caused undue delay that would result in substantial prejudice to Defendants and Gianinni if Plaintiffs' motion were granted.

    5.    Plaintiffs argue that they showed good cause under Rule 16 and that their delay in moving to amend the pleadings does not constitute a lack of diligence under Rule 15. Plaintiffs emphasize that they did not receive the City's answers to interrogatories until October, 2013, after the deadline for amendments had passed. Plaintiffs explain the delay in deposing Gianinni by noting the practice of deposing Plaintiffs first, as well as persistent scheduling issues. Plaintiffs contend that consideration of their diligence should focus on the period after Gianinni was deposed. Plaintiffs further argue that Defendants and Gianinni would not be prejudiced if their motion were granted because the proposed third amended complaint contains no new facts or theories and Gianinni has already participated in the discovery process. Finally, Plaintiffs contend that Judge Schneider held Plaintiffs to a standard of reasonable investigation that is inconsistent with Rule 11.

6.     Defendants respond that the proposed amendment would cause prejudice to Defendants and Gianinni because the allegations therein assert that members of the Camden SWAT team committed the acts previously ascribed to the U.S. Marshals, thus requiring additional discovery at this late juncture. Defendants argue that Plaintiffs have failed to show good cause for their delay in moving to amend the pleadings nearly one year after Gianinni was identified as a relevant witness and six-months after answers to interrogatories were served. Defendants contend that, because the proposed amended complaint asserts the new theory that Gianinni was personally liable for the misconduct alleged, he was not on notice as to Plaintiffs' claims and thus the proposed amended complaint cannot relate back to the date of original filing. As such, the statute of limitations has expired as to Ella Baker and Benjamin Frye. Defendants also argue that amendment would be futile because there is no evidence that Gianinni was personally involved in the allegedly wrongful conduct.

7.     When a magistrate judge decides a non-dispositive motion, the "district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." <u>Cipollone v. Liggett Group, Inc.</u>, 785 F.2d 1108, 1120 (3d Cir. 1986); <u>see</u> <u>also</u> L. Civ. R. 72.1(c)(A)(1) ("A Judge shall consider the appeal . . .

and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

8. A Magistrate Judge's finding is clearly erroneous when "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990); United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if "the magistrate judge has misinterpreted or misapplied applicable law." Id. Where a Magistrate Judge "is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Id.

9. Judge Schneider correctly identified and applied the relevant legal rules. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading as a matter of course under certain circumstances, but otherwise must obtain the opposing party's consent or the court's leave. Fed. R. Civ. P. 15. The Rule provides that when leave is required, "[t]he court should freely give leave when justice so requires," which has been interpreted to mean that amendment should be permitted when it will not prejudice defendants. Id.; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) ("In the absence of substantial

6

or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.").

10. Rule 16 empowers the Court to issue scheduling orders, which must be followed unless good cause is shown for altering them. See Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005). A court is required to set a deadline for motions to amend or to join new parties, see Rule 16(b)(3)(A), and Judge Schneider set a reasonable deadline of September 13, 2013. "In determining whether 'good cause' exists, courts generally consider the diligence of the party seeking the modification of the scheduling order." Duran v. Merline, 923 F. Supp. 2d 702, 732 (D.N.J. 2013). "[T]he Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15." 6A Wright, Miller, & Kane, et al., Fed. Prac. & Proc. § 1522.2 (collecting cases).

11. The Magistrate Judge has the primary responsibility for case management and non-dispositive motions, including discovery motions, in civil cases in this Court. L. Civ. R. 72.1(a)(1), (3). Thus, this Court maximizes the use of Magistrate Judges in civil case management. In the present case,

7

as is overwhelmingly typical in most civil cases, Judge Schneider has convened the initial conference under Rule 16, Fed. R. Civ. P. and L. Civ. R. 16.1, as well as subsequent conferences in person and by telephone directed to case management and discovery concerns. [See, e.g., Docket Items 29, 32, 33, 36, 37, 39, 40, 42, 43, 45, 48, 50, 57, 58.] When the Magistrate Judge has acquired such detailed knowledge of the case, especially high deference to case management determinations is warranted.

12.  In the present case, Judge Schneider's denial of Plaintiffs' motion for leave to file a third amended complaint was neither clearly erroneous nor an abuse of discretion. Beginning with Rule 16, Judge Schneider reasonably concluded that Plaintiffs failed to show good cause to alter the September 13, 2013 deadline for amending pleadings. Plaintiffs were not diligent in their efforts to identify members of the SWAT team who entered their home despite knowing from the outset that their identities were integral to their claims. Although the Court is mindful of the apparent difficulties in identifying these members, Gianinni's identity, if not his role, was evident months before the expiration of the amendment period. Gianinni was identified as a relevant witness in the City's Rule 26 disclosures served on April 30, 2013. Gianinni certified the City's answers to interrogatories on August 8, 2013, in which he

was clearly identified as "the SWAT team leader." (Def. Ex. 3 [Docket Item 64] ¶ 9.) Even though Defendants failed to serve their answers to interrogatories until October, 2013, after the deadline for amendments passed, Plaintiffs did not request an extension of the deadline.[2] Moreover, Plaintiffs waited nearly one year after he was first identified as a witness, and over six months after he was identified as the SWAT team leader in the City's answers to interrogatories, to depose Gianinni. Plaintiffs waited nearly two months thereafter to move to file a third amended complaint.

13.  Plaintiffs now attempt to explain their delay by pointing the finger at the City for failing to timely respond to interrogatories and noting the difficulty of scheduling Plaintiffs' depositions. However, as Judge Schneider explained, Plaintiffs' arguments do little to explain the nearly two-and-a-half-year delay in identifying the SWAT team members who entered their home, the nearly one-year delay in deposing Gianinni after he was first identified as a relevant witness, and the over two month delay in seeking to file an amended complaint after

---

[2] After numerous extensions, Judge Schneider set May 30, 2014 as the deadline for fact discovery in this matter. Both parties separately sought to extend this deadline, which Judge Schneider denied for reasons similar to those stated in his August 21, 2014 Order at issue on this appeal, namely that "[g]iven the age of the case, plaintiffs and defendants have had more than an adequate opportunity to discover the names and roles of [the individuals who 'raided' their home]." [Docket Item 48 at 2.]

9

Gianinni was finally deposed. Accordingly, it was not clearly erroneous for Judge Schneider to conclude that Plaintiffs failed to show good cause under Rule 16.

14. Moreover, Judge Schneider properly denied Plaintiffs' motion under Rule 15 on the grounds of undue delay and prejudice to Defendants. The Court has sufficiently recounted in the preceding the ways that Plaintiffs have caused undue delay in this nearly three year old case. Moreover, Plaintiffs have also received multiple opportunities to amend their complaint in November, 2012 and February, 2013. Therefore, in considering the Rule 15 standard, the Court will focus on the prejudice to Defendants and to Gianinni if Plaintiffs were permitted to file their proposed third amended complaint.

15. Permitting Plaintiffs' proposed amendment will prejudice Defendants and Gianinni because it injects new facts and theories into the case almost three years after its inception and four years after the incidents that are its subject. The Second Amended Complaint alleges the following in pertinent part:

> 20. After ordering Plaintiff Ella Baker out of the home, John Does I-II [unidentified U.S. Marshals] put a gun to the head of Plaintiffs' ten year old son, Rayion Baker and threatened to kill him while Plaintiffs' home was searched.
> 21. It was also at this time that the John Doe Defendants put a gun to the head of Tattyana Baker.
> 22. The John Doe United States Marshals placed handcuffs on Plaintiff Benjamin Frye while searching the house.

(Second Am. Compl. [Docket Item 23] ¶¶ 20-22.) Plaintiffs' proposed third amended complaint seeks to replace the above allegations with the following:

> 14. On November 24th, 2010 at around 7:15 a.m., John Does I-II [unidentified U.S. Marshals] came to the home of Plaintiffs with their guns raised. Plaintiff Ella Baker had opened the front door in response to a knock and when she opened the door she was ordered to leave the house.
> 15. After ordering Plaintiff Ella Baker out of the home, and at the personal direction, supervision, control, approval, and/or acquiescence of Defendant Gianinni, John Does IV-V [Camden Police Department officers] threated Plaintiff Rayion Baker with his life while their firearms were aimed directly at his person, specifically his head.
> 16. It was also at this time that the John Doe IV-X [Camden Police Department officers] aimed their firearms at Tattyana Baker and Benjamin Frye.
> 17. The John Doe Defendants placed handcuffs on Plaintiff Benjamin Frye while searching the house.

(Proposed Third Am. Compl. [Docket Item 51-2] ¶¶ 15-17.) Accordingly, the proposed third amended complaint not only alleges for the first time Gianinni's personal involvement, but it also alleges for the first time that it was members of the Camden Police Department who placed guns to the heads of Rayion and Tattyana Baker, not members of the Marshals Service. There is no question that Defendants would be substantially prejudiced if Plaintiffs' motion were granted because the amendment would require additional discovery, cost, or preparation to defend against these new facts and theories. See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).

16.  The Court is unpersuaded by Plaintiffs' argument that the amendment would require very little additional discovery because Gianinni already participated in discovery and certified in the City's answers to interrogatories that the identities of the other SWAT team members are unknown. Plaintiffs' argument ignores the fact that if Gianinni were named as a defendant early in the action it may have been possible to preserve the memory of the members of the Camden Police Department who entered Plaintiffs' home. Similarly, Plaintiffs are either incorrect or disingenuous in their assertion that the proposed third amended complaint would not add new facts or theories of liability. The proposed amendment clearly shifts the focus from the U.S. Marshals to the Camden Police Department SWAT team, and importantly, it asserts for the first time Gianinni's personal involvement in the alleged misconduct.

17.  Judge Schneider's finding, that Plaintiffs' counsel failed to exercise due diligence in identifying the law enforcement officers who were sued as John Does some 2 1/2 years earlier, is not clearly erroneous. After carefully examining the record, Judge Schneider found it inexplicable why Plaintiffs did not seek to file this third amended complaint shifting their theory of the case and identifying a new party before the deadline for amending pleadings expired. This finding is well supported by the record. As Judge Schneider stated, "absent

diligence, there is no good cause." Order of August 21, 2014 at 4 (citing Sabatino v. Union Township, 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013)).

18. After many months if not years of this litigation during which Plaintiffs could have moved to amend the pleadings and add Gianinni as a defendant, Defendants would be substantially prejudiced if the Court were to permit such an amendment now. Therefore, Judge Schneider did not err in concluding that Plaintiffs' conduct has resulted in undue delay and substantial prejudice to Defendants.

19. In light of the foregoing, the Court will affirm Judge Schneider's August 21, 2014 Order denying Plaintiffs' motion for leave to file a third amended complaint.[3]

 October 8, 2014                           s/ Jerome B. Simandle
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge

---

[3] Having found that Judge Schneider did not err in denying Plaintiffs' motion under Rules 15 and 16, Fed. R. Civ. P., the Court need not address Defendants' arguments regarding relation back and futility. Moreover, the Court will not address Plaintiffs' argument that Judge Schneider held them to a standard that is inconsistent with Rule 11 because Judge Schneider's Order does not reference Rule 11 and it is inapplicable here.